UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

CHARLOTTE ANN HARRINGTON

CIVIL ACTION NO.  6:23-CV-00335

VERSUS

JUDGE ROBERT R. SUMMERHAYS

COMMISSIONER OF SOCIAL
SECURITY

MAGISTRATE JUDGE DAVID J. AYO

**MEMORANDUM RULING**

Before the court is the UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412 filed by Plaintiff Charlotte Ann Harrington. (Rec. Doc. 18).  The motion is unopposed by the Commissioner.

Harrington filed an application for supplemental security income on October 10, 2019, alleging disability beginning on September 10, 2019.  After the application was denied initially on May 5, 2020, and on reconsideration, she requested a hearing before an Administrative Law Judge, who issued an unfavorable ruling on September 22, 2022. Harrington's request for review was denied by the Appeals Council, and she subsequently filed a federal appeal of the ALJ's decision in this Court on March 14, 2023.  On September 13, 2024, the Court reversed and remanded this matter to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Harrington now seeks a total of $5,180.00 in fees at the rate $200.00 per hour for 23.2 hours of attorney time and $100.00 per hour for 5.4 hours of paralegal time.  In support of this request, Harrington's counsel, Edward Wicklund, submitted a schedule describing the services performed on Harrington's behalf and the time billed in connection with each task in minimal increments of .10 hour.  (Rec. Docs. 19-1, 19-2, 19-3).

### *Guidelines for Attorney's Fees and Expenses Calculation*

The Equal Access to Justice Act provides that "a court shall award to a prevailing party other than the United States fees and other expenses... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The Act thus places the burden on the Commissioner to show that the stated statutory exceptions make an award of fees and expenses inappropriate. *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (citing *Herron v. Bowman*, 788 F.2d 1127, 1130 (5th Cir. 1986)). A party who wins a sentence-four remand is a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993); *Breaux v. United States Dep't of Health & Human Servs.*, 20 F.3d 1324 (5th Cir. 1994). Considering the fourth sentence remand and the lack of opposition to the instant motion, this Court finds that Harrington is entitled to an award of reasonable attorney fees.

### *Reasonable Hourly Rate*

The hourly rate at which an attorney fee award under the EAJA may be calculated is determined "according to prevailing market rates in the relevant legal market." *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000). Where the prevailing market rate exceeds the $125.00 statutory cap, the court must examine whether "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher rate." 28 U.S.C. § 2412(d)(2)(A)(ii).

In *Carr v. Kijakazi*, 2023 WL 3168676 (W.D. La. 4/13/2023), *adopted by*, 2023 WL 3168343 (4/28/2023), this Court reconsidered the prevailing market rate for social security fee awards under the EAJA. The Court found an hourly rate of $200.00 was reasonable based on increases in cost of living since its last examination of the issue in 2016, wherein it set the prevailing rate at $175.00 per hour. 2023 WL 3168676, at * 3 (citing *Montgomery v. Colvin*,

2016 WL 4705730 (W.D. La. 8/16/2016), *adopted by*, 2016 WL 4705573 (W.D. La. 9/8/2016)).

### Reasonable Hours Expended

The Commissioner does not oppose the number of hours claimed by Harrington's counsel.  Furthermore, the undersigned concludes that the claimed time expenditure of 5.4 hours in paralegal time and 23.2 hours in attorney time is reasonable for this type of case.

### Johnson Analysis

Having determined the lodestar by establishing the prevailing market rate and the hours reasonably expended, the next step requires that the court analyze the twelve *Johnson* factors to determine if the lodestar requires adjustment.  *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989).  The lodestar is presumptively reasonable and should be modified only in exceptional cases.  *Combs v. City of Huntington, Texas*, 829 F.3d 388, 392 (5th Cir. 2016) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010)).   In this case, the lodestar is $200.00 x 23.2 or $4,640.00 plus $100.00 x 5.4 or $540.00 for a total of $5,180.00.

Under *Johnson*, the court should consider the impact of the following factors on the lodestar:  (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill required of the attorney; (4) the preclusion of other work; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Johnson*, *supra*, at 718-719.  Factors 1, 3, 8, 9, and 12 are reflected in the lodestar.  *Walker v. U.S. Dept. of Housing & Urban Dev.*, 99 F.3d 761 (5th Cir. 1996) (cautioning court against double-counting certain *Johnson* factors already fairly represented by the lodestar).   No evidence before this Court indicates that an

adjustment of the lodestar under factors 2, 4, 5, 6, 7, 10 or 11 is warranted in this case.

For the foregoing reasons, it is hereby

**ORDERED** that the appellant's pending Unopposed Motion for Attorney's Fees Pursuant to 2the Equal Justice Access to Justice Act, 28 U.S.C. § 2412 (Rec. Doc. 18) is GRANTED based on this Court's finding that the lodestar established as $200.00 per hour for 23.2 hours for attorney fees and $100.00 per hour for 5.4 hours for paralegal fees should be applied under applicable law and jurisprudence.  Accordingly, it is further

**ORDERED** that the sum of  $5,180.00 in attorney fees and is awarded to appellant Charlotte Ann Harrington as an EAJA attorney fee.  The Commissioner of the Social Security Administration shall remit to Harrington's counsel a check made payable to Charlotte Ann Harrington in the amount of $5,180.00 pursuant to 28 U.S.C.§ 2412(d)(1)(A) within forty-five days of the issuance of this Order.

SO ORDERED this 7th day of January, 2025, at Lafayette, Louisiana.

David J. Ayo
United States Magistrate Judge